UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARK ANTHONY KENNEDY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. GASTELLO,<br><br>　　　　Respondent. | Case No. 16-cv-01686-LB<br><br>**ORDER TO SHOW CAUSE**<br>[Re: ECF Nos. 1, 2, 3 ] |

## INTRODUCTION

Mark Anthony Kennedy, a California prisoner housed at the California Men's Colony in San Luis Obispo, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 4.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition, grants the *in forma pauperis* application and denies the request for counsel.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

**STATEMENT**

Mr. Kennedy's petition and attachments provide the following information: He was convicted in San Francisco County Superior Court of "assaulting, battering and falsely imprisoning Lester Chow with great bodily injury enhancements." (ECF No. 1-5 at 5.) Mr. Kennedy was sentenced on November 16, 2012 to sixteen years in state prison.

He appealed. The California Court of Appeal affirmed Mr. Kennedy's conviction in 2014 and the California Supreme Court denied review in 2015. (ECF No. 1 at 3.) He then filed this action.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges the following claims: (1) Mr. Kennedy's right to due process was violated when the prosecutor relied on perjured testimony to obtain a conviction; (2) Mr. Kennedy's right to due process and to present a defense was violated by the trial court's refusal to instruct on the defense-of-others doctrine; and (3) Mr. Kennedy's right to due process was violated because the evidence was insufficient to support the sentence enhancement for great bodily injury. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response.

Mr. Kennedy requests that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is required when there will be an evidentiary hearing. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The decision to appoint counsel otherwise generally is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See*

*id.* The interests of justice do not require appointment of counsel in this action. An evidentiary hearing does not appear necessary at this time; if one does become necessary later, the court will appoint counsel on its own motion. Mr. Kennedy's claims for federal habeas relief have been adequately presented, and were briefed on direct appeal by counsel. *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel was within discretion of district court where petitioner adequately presented issues in petition and accompanying memorandum. The request for appointment of counsel is DENIED. (ECF No. 3.)

## CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. The respondent must file and serve upon the petitioner, on or before **July 15, 2016**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **August 12, 2016**.

5. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

7. The petitioner's *in forma pauperis* application is GRANTED. (ECF No. 2.)

8. The petitioner's request for appointment of counsel is DENIED. (ECF No. 3.)

**IT IS SO ORDERED.**

Dated: April 29, 2016

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK ANTHONY KENNEDY,

    Plaintiff,

  v.

J. GASTELLO,

    Defendant.

Case No. 3:16-cv-01686-LB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 29, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark Anthony Kennedy  
California Mens Colony East Cell 5388  
PO Box 8101  
San Luis Obispo, CA 93409

Dated: April 29, 2016

Susan Y. Soong  
Clerk, United States District Court

By:_____  
Lashanda Scott, Deputy Clerk to the  
Honorable LAUREL BEELER